## FERNOW v. FERNOW.

No. 15565—Opinion Filed Dec. 22, 1925.

Rehearing Denied May 25, 1926.

(Syllabus.)

**1. Judgment—Waiver of Defective Process by Appearance.**

Where a party files an action within the statutory time, obtains service by publication, and said service is not challenged, and the adverse party files an answer controverting the facts set out in the petition and voluntarily enters a trial on the issues submitted by the petition and answer, such party cannot thereafter successfully challenge the jurisdiction of the court to determine said cause, where such court has jurisdiction of the parties and subject-matter.

**2. Judgment—Vacation for Fraud—Showing of Defense.**

Where one seeks to set aside a judgment or decree for fraud by the prevailing party, it must be shown that such first party has a defense to said judgment or decree; however, the sufficiency of such defense so pleaded must be determined by the particular facts in each case.

**3. Same—Laches of Petitioner.**

Where a party files a petition to set aside a former decree or judgment of the court which is voidable, and such petition is filed within the statutory time, the question of laches on the part of the petitioner will be determined largely on the question as to whether the parties have changed their position, irrevocably or rights of innocent third parties have intervened, and while laches alone will not necessarily defeat such action, it may, under the circumstances of the individual case, justify the court in denying relief. On the other hand, if the parties have not changed their position, and the rights of third parties are not involved, such delay will not affect their right to relief.

**4. Divorce—Vacation of Decree Sustained.**

Record examined, and held, sufficient to support the judgment of the court.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Petition by Myrtle V. Fernow to vacate

divorce decree in favor of John A. W. Fernow granted, and he appeals. Affirmed.

G. R. Horner and Geo. B. Schwabe, for plaintiff in error.

Cochran & Ellison, for defendant in error.

LESTER, J. The parties to this action will be referred to as they appeared in the court below.

The plaintiff brought suit against the defendant in the district court of Okmulgee county, Okla., for absolute divorce. No answer was filed to said petition by the defendant, and thereafter the court, upon proof upon the part of the plaintiff, granted a decree of divorce, which said decree was rendered on the 23rd day of November, 1921.

On the 7th day of November, 1923, the defendant filed her petition to set aside the decree theretofore rendered on the 23rd day of November, 1921, and alleging that said decree was procured by the plaintiff by and through the fraud of said plaintiff. The plaintiff filed his answer to the petition of the defendant; a trial was had thereon, and the court set aside its former decree granting a divorce to the plaintiff, from which last decree and judgment of the court, the plaintiff prosecutes this action to reverse the same.

The plaintiff confines his assignment of error to the following propositions:

"(A) The trial court was without jurisdiction to enter the order vacating the divorce decree.

"(B) Defendant failed to allege, tender, or prove that she had a valid defense in the divorce action, as required by law.

"(C) Defendant was guilty of laches."

We will dispose of the propositions raised in the plaintiff's assignments of error in the order set forth therein.

As shown by the record, the decree of the court granting a divorce to the plaintiff from defendant was rendered by the court on the 23rd day of November, 1921. On the 7th day of November, 1923, the defendant filed her petition to set aside said decree. On the 22nd day of November, 1923, the defendant, by her attorney, made and filed an affidavit, which affidavit set forth the usual and necessary facts to secure service by publication. Notice by publication on the plaintiff was thereupon issued on the 22nd day of November, 1923, by the court clerk of Okmulgee county Okla., and on the same date said notice by publication was published in the Okmulgee Daily Legal Record, and said notice by pub-

lication thereafter appeared in said newspaper on the 29th day of November and 6th and 13th of December, 1923. Said notice of publication recited that the plaintiff must answer the petition of the defendant on or before January 6, 1924. On January 2, 1924, the plaintiff filed his answer to the petition of the defendant. On January 19, 1924, the cause came on for hearing, both parties appearing in person and by their attorneys and the trial had thereon was by the court, concluded on said date. And a decree was entered by the trial court on said date, setting aside and canceling and holding for naught the former decree of the court entered on the 23rd day of November, 1921. And the plaintiff now urges the proposition that the trial court was without jurisdiction to enter said decree.

The plaintiff did not in any manner attack the service in said case. Nor did he enter a plea to the jurisdiction of the court, but filed his answer, which controverted the facts set forth in defendant's petition, and without objection entered in and upon said trial and submitted the issues to the court. The proceedings upon the part of the defendant were evidently instituted under section 810, C. O. S., 1921, subdivision 4, which reads as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. * * * Fourth. For fraud practiced by the successful party, in obtaining the judgment or order."

Section 817, C. O. S. 1921, provides, in substance, that the proceedings to vacate or modify a judgment or order for causes mentioned in subdivisions 4, 5, and 7, of section 810, must be commenced within two years after the judgment was rendered or order made.

It is not contended by the plaintiff that the evidence was not sufficient to justify the trial court in rendering its judgment setting aside the former decree of divorce, but plaintiff complains that the court was without jurisdiction to hear and determine the petition of the defendant. The plaintiff failed to file any plea to the jurisdiction of the court: but, on the other hand, filed an answer controverting the allegations of defendant's petition. And thereafter, without any objection, announced ready for trial, and thereupon introduced evidence in his behalf; plaintiff, himself, taking the witness stand and testifying in said cause. We therefore hold that, after the plaintiff had fully submitted the issues to the jurisdiction of the court in said cause, he cannot now complain.

It is contended by the plaintiff that the defendant in her petition failed to allege, tender, or prove that she had a valid defense in the divorce action, as required by law. Plaintic, in his petition for divorce, alleged, as his only ground for divorce, cruelty on the part of the defendant. The court, after hearing evidence on plaintiff's petition for divorce, found only one cause for divorce upon the part of the defendant, which finding is as follows:

"Court finds that the defendant has been guilty of extreme cruelty towards the plaintiff as set forth in plaintiff's petition and testified to by the witness in open court."

The defendant, as her defense to the allegations of plaintiff's petition in his original action, alleged in her answer, which answer was made a part of defendant's petition, the following:

"Comes now Myrtle V. Fernow, defendant above named, and for answer to the petition of plaintiff herein, denies each and every allegation therein contained."

This answer was verified before a notary public by the defendant.

We are aware of the uniform decisions which hold that where a party seeks to set aside or annul a judgment or decree of the court, it is necessary that he set up matters showing a complete defense to the action, before the judgment or decree should be set aside. And this, in our opinion, is a wholesome doctrine. It would be fruitless to set aside a judgment or decree of the court if it does not properly appear there was a defense to the action upon which original judgment or decree was had. However, we think the facts in each case should largely govern the sufficiency of the defense set forth by the party seeking to cancel or annul the former judgment or order of the court.

In this case the plaintiff in his petition relies solely, as his cause of action for divorce from the defendant, upon the allegation of cruelty on the part of the defendant, and as herein before recited, the court granted a decree of divorce to plaintiff solely upon this cause. The defendant, as a part of her petition, denies this allegation set forth in the plaintiff's petition. If the denial of the allegation of cruelty was true, it constituted a good and sufficient defense, for if the defendant had not been guilty of cruelty, it certainly would have constituted a good defense. In short, the plaintiff, before he could prevail in his action, had to prove cruelty upon the part of the defendant. The defendant, upon her part, denied this allegation which denial, if true, was an absolute and complete defense to the plaintiff's cause of action.

The plaintiff also insists that the defendant did not establish her defense to said action.

We have examined the record, and find that the defendant testified that she always treated the plaintiff with kindness and affection. and that she was surprised when she learned that plaintiff had instituted his action against her. However, if it be true that the defendant did not prove a defense, we find that he has changed his position on this question, for in the record in the trial court we find the following proceedings:

"Q. And you provided her with the luxuries of life, didn't you?

"Mr. Horner: Comes now plaintiff and objects to defendant inquiring into matters contained in the original petition for divorce and defense thereto, for the reason that those matters have been adjudicated in this court and are now at rest until such time as the decree entered in said cause might be vacated, if it is vacated."

Thus, it will be observed that the plaintiff was objecting to proof showing a defense by defendant to the action in the court below.

We are of the opinion that the second assignment of error upon the part of the plaintiff is without merit.

Lastly, it is contended that the defendant was guilty of laches.

The record in this case shows that, after the plaintiff filed his suit against the defendant and service of summons was had on the defendant, the defendant and plaintiff went together to the office of the plaintiff's attorneys, and there it was agreed by the plaintiff and defendant, in the presence of the plaintiff's attorneys, that the suit against the defendant was to be dismissed by the plaintiff. The defendant, upon trial to set aside the decree or judgment of the court, testified that the summons in the original action was torn to pieces by plaintiff in her presence in the office of the plaintiff's attorneys, and plaintiff then and there stated "that there will be nothing come of it."

J. H. Swan was one of the attorneys that represented the plaintiff in bringing the action for divorce on the part of the plaintiff, but who, at the time he testified in the action brought by the defendant to set aside his decree, had become judge of the superior court of Okmulgee county. Mr. Swan's testimony, C.-M. page 73, is in part as follows:

"Q. Will you please state to the court

what, if any, understanding there was expressed between Fernow and his wife in your presence as to what would be done with this divorce suit, or whether or not a divorce would be obtained if defendant, Mrs. Fernow, would return to Chicago?

"A. The agreement·was that Mrs. Fernow was to go to Chicago and . the divorce proceedings would be dropped.

"Q. Now, do you remember, after they left, the fact of seeing in the waste basket there the summons which had been served on her all torn up?"

"A. That is my best recollection."

It appears that the defendant, relying on the conduct and agreement of the plaintiff to dismiss the suit, gave the matter no further attention, and that by agreement with the plaintiff she returned on a visit to · her former home in Chicago. Plaintiff furnished the defendant a railroad ticket to Chicago. That plaintiff and defendant continued to correspond each with the other after the defendant arrived in Chicago; that on November 19, 1921, just four days prior to the time that the plaintiff obtained his decree of divorce, plaintiff wrote the defendant a very affectionate letter and did not in any manner suggest the fact that he intended to proceed with his action for a divorce, and in the same letter he asked the defendant to deposit to his credit the sum of $50 in a certain banking house in Chicago. On November 30, 1921, one week after the plaintiff had procured a decree of divorce from the defendant, he again wrote the defendant and expressed in strong language his love and affection for the defendant. and made no mention of the fact 'that he had procured a divorce from the defendant in the original action. The plaintiff continued to write to defendant in the same endearing terms of love and affection until finally he went to Chicago, where the plaintiff and defendant resumed the marital relations for several months. It appears that shortly after the plaintiff went to Chicago he informed the defendant that he had procured a decree of divorce, but expressed a willingness to remarry the defendant. The defendant suggested that they remarry in Chicago, but plaintiff said that such remarriage would cause publicity, and remarriage was postponed from time to time for the reason that the plaintiff suggested that such remarriage should take place where they were unknown, and where it would not cause unfavorable comment or criticism. Finally, the plaintiff and defendant separated during the spring of 1922, and did not again live together as husband and wife. The separation continued until the defendant filed her suit on November

ber 7, 1923, to set aside the decree entered in the court on November 23, 1921.

It cannot be determined from the record why the defendant did not bring her action at an earlier date, to set aside the decree of divorce obtained by plaintiff. However, in our judgment, whatever conclusion might be reached as to why the defendant postponed right of action until near the expiration of the statutory limitation of her right to bring such action, would be without any value in the discussion of this proposition. We find from the authorities that where one brings such an action within the statutory limit and the rights of parties have not changed, the courts are more liberal in permitting such parties to assert their rights to attack a former decree or judgment, if the rights of innocent parties were not thereby affected. And we here cite an authority submitted by the plaintiff on this particular proposition:

"While laches alone will not necessarily defeat an application. it may, under the circumstances of the individual case, justify the court in denying relief, and a very clear and persuasive showing must be made to induce a court, in the face of an unreasonable delay, to disturb a final judgment; in such a case it is not enough that the showing made by the applicant casts some doubt, or even a grave suspicion, upon the case of the adverse party. Especially is this true where, in reliance upon the judgment attacked, the parties have changed their position irrevocably or rights of innocent third persons have intervened. The converse of this last proposition is equally· true, i. e., where no rights of third parties have intervened, the court will lend a more willing ear to the applicant's prayer for relief, and where the application is made so immediately after judgment as that no considerable delay to the adverse party is to be occasioned by permitting a defense on the merits, a court ought to incline to relieve. The foregoing rules are only applicable to such judgments as are voidable and not void, for lapse of time will not. ordinarily, affect the right of a party to have a judgment set aside which is absolutely void."15 Stand. Ency. of Proc. 213.

The record failed to show that the rights of third parties are involved herein and the action upon the part of the defendant having been commenced within the time permitted by the statute. we are of the opinion that the right of the defendant to maintain her action cannot be defeated for and on account of the fact that she did not act more promptly. And we find. after an exhaustive search of the record, together with the authorities submitted by both parties to ·this action in their briefs, that the judgment of the trial court should be and the same is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 19 C. J. p. 104, § 260; 15 R. C. L. p. 851. (2) 19 C. J. p. 162, § 409; 15 R. C. L. p. 704; 4 R. C. L. Supp. p. 1017; 5 R. C. L. Supp. p. 847. (3) 19 C. J. p. 170, § 424.